IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-216-BO

| | | |
|---|---|---|
| NORTH CAROLINA CVS PHARMACY, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | O R D E R |
| CLARK BROTHERS, L.L.C., | ) ) ) | |
| Defendant. | ) ) | |

This cause comes before the Court on cross-motions for summary judgment. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons discussed below, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

## BACKGROUND

In 2004, predecessors in interest to plaintiff (plaintiff or CVS) and defendant (defendant or Clark Brothers) entered into a long-term lease for premises located at the intersection of South Poplar Street and Mercer Mill Road in Elizabethtown, North Carolina. A pharmacy was constructed on the premises and plaintiff, as tenant, continues to operate a pharmacy on the premises today; defendant serves as landlord.

Defendant was originally formed as a general partnership by four Clark brothers: Manly, David, Giles, and Rogers. In 2007, Clark Brothers converted to a limited liability corporation, but the partners' percentage interests did not change. The current managers and principals of

defendant are David Clark, Giles Clark, Rogers Clark, and Haddon Clark III, the son of Manly Clark.

The lease between CVS and Clark Brothers contains the following provision:

> If Landlord or any of its officers, directors, trustees, individual members, or partners hold or acquire any interest in any land immediately adjacent to the Premises or at the same intersections as the Premises, in the event that the Premises is located at an intersection, (whether accomplished directly by direct ownership, or indirectly through the use of leases, cross-easement agreements or similar documents) during the Term, Landlord agrees that (unless any premises on said land are already so leased and/or used)Landlord shall not allow any of the premises on such land to be leased or used for the purpose of a health and beauty aids store, a vitamin store, a pharmacy mail order facility, a drug store, and/or a pharmacy prescription department.

Section 35(a); [DE 1-2 at 25]. If the landlord violates this term, the tenant may either terminate the lease or pay fifty-percent of the rent due until the violation is permanently cured. Section 35(c); [DE 1-2 at 25].

In April 2014, Sampson-Bladen Oil Company, Inc. sold a parcel of land adjacent to the premises leased by CVS to Walgreens. Sampson-Bladen Oil operated a filling station and convenience store on property adjacent to the CVS-leased property beginning in the 1940s. Sampson-Bladen Oil is not an officer, director, or member of Clark Brothers LLC. David Clark, Giles Clark, Rogers Clark, and Haddon Clark III own shares of Sampson-Bladen Oil Company, and all but Rogers Clark were signatories to the April 2014 resolution to sell the land to Walgreens. Haddon Clark is the president of Sampson-Bladen Oil.

Upon learning of the pending sale of land by Sampson-Bladen Oil to Walgreens, CVS notified Clark Brothers that it believed the sale would violate Section 35 of the lease. It further notified defendant that it would avail itself of all remedies provided by the lease and the common law. Clark Brothers responded, denying that the sale would violate Section 35 of the lease and

stating that any attempt by CVS to exercise its remedies would be treated as default and material breach of the lease agreement.

CVS thereafter filed this action seeking a declaratory judgment that Clark Brothers has violated the lease terms and that CVS is entitled to its remedies under the lease, including the ability to pay fifty-percent of rent due until the violation is permanently cured. Clark Brothers has filed a counterclaim seeking a declaratory judgment that any attempt by CVS to pay less than the full amount of rent due constitutes a breach of the lease agreement. Both parties have moved for summary judgment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The parties agree that North Carolina law governs the interpretation of the lease provision. Under North Carolina law, a lease provision is interpreted according to general contract principles. *Wal-Mart Stores, Inc. v. Ingles Mkts., Inc.*, 158 N.C. App. 414, 418 (2003).

3

Where the terms of a contract are plain and unambiguous, its construction is a question of law for the court. *Cochran v. Keller*, 84 N.C. App. 205, 211 (1987). Terms of a lease are interpreted to "achieve the intent of the parties at the time the lease was entered into." *Wal-Mart Stores*, 158 N.C. App. at 419 (quoting *Lexington Ins. Co. v. Tires Into Recycled Energy And Supplies, Inc.*, 136 N.C. App. 223, 225 (1999)). This intent is determined by examining the plain language of the contract and reading the contract as a whole. *State v. Philip Morris USA Inc.*, 363 N.C. 623, 631–32 (2009). "While the intentions of the parties to restrictive covenants ordinarily control the construction of the covenants, such covenants are not favored by the law and they will be strictly construed to the end that all ambiguities will be resolved in favor of the unrestrained use of land." *J. T. Hobby & Son, Inc. v. Family Homes of Wake Cty., Inc.*, 302 N.C. 64, 70 (1981) (internal citations omitted).

The only real dispute between the parties is the construction of the first sentence of Section 35(a) of the lease: "Landlord or any of its officers, directors, trustees, individual members, or partners hold or acquire any interest in any land . . . ." The parties dispute whether land owned by Sampson-Bladen Oil Company should be interpreted under the lease to be land held or acquired by Landlord, its officers, directors, trustees, individual members, or partners. Plaintiff contends that the word "any" preceding "interest" demands a broad interpretation encompassing the brothers' financial gains from the success of Sampson-Bladen Oil Company. Defendant contends that Sampson-Bladen Oil Company is a third party and plainly not Clark Brothers. The Court finds this position persuasive.

The contract language forbids adjacent land ownership by "Landlord or any of its officers, directors, trustees, individual members, or partners." The Court finds this language

4

unambiguous. Plainly, Sampson-Bladen Oil Company is not Clark Brothers or and officer, director, trustee, individual member, or partner of Clark Brothers.

Reading the contract as a whole, the Court believes this interpretation reflects the parties' intent at the time of formation, for the contract elsewhere contains a term which, had it been used, *would* have encompassed the Clarks' roles in Sampson-Bladen Oil Company. The contract defined the term "Landlord's Affiliates" to include "any corporation in which Landlord is or was an officer, director, or shareholder." Section 13(v); [DE 1-2, p. 16]. When drafting the contract provision at issue, the parties could have included the term "Landlord's Affiliates" but apparently chose to use "Landlord or any of its officers, directors, trustees, individual members, or partners" instead. As the contract is to be read in its entirety to determine intent, the Court concludes that the parties meant something other than "Landlord's Affiliates" in the provision at issue. Therefore, the Court refuses to read the provision at issue as if it contained the term "Landlord's Affiliates." Reading the contract as a whole, and since Sampson-Bladen Oil Company is not the landlord or an officer, director, trustee, individual member, or partner of Clark Brothers, defendant's motion for summary judgment is persuasive.

Moreover, even if the contract were ambiguous, North Carolina law demands resolution of ambiguities in favor of the unrestricted use of land. In this case, any ambiguity would be resolved against plaintiff. The only way for plaintiff to succeed in this matter, then, would be if the Court found it was unambiguous from the language of the contract that the phrase "Landlord or any of its officers, directors, trustees, individual members, or partners" encompassed a third party corporation that was none of those things. The Court is unwilling to reach such a conclusion.

5

Accordingly, the Court grants defendant's motion for summary judgment and declares that defendant has not violated Section 35 of the parties' lease. Defendant is entitled to all rent and other amounts due pursuant to the terms of the lease.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment [DE 13] is DENIED and defendant's motion for summary judgment [DE 15] is GRANTED. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this 10 day of December, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:14-cv-00216-BO   Document 40   Filed 12/11/15   Page 6 of 6